## IN THE UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MARK WILKERSON,        *

     Plaintiff,        *        CASE NO:

-vs-                  *

UNITED STATES OF AMERICA,  *

     Defendant.      *

## <u>COMPLAINT</u>

### 1.

This action is based upon the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b).

### 2.

Plaintiff Mark Wilkerson is a resident of the United States and is subject to the jurisdiction of this Court.

### 3.

The act and omissions herein complained of occurred in the Northern District of Georgia and as such venue is proper pursuant to 28 U.S.C.A. § 1402(b).

1

4.

Pursuant to 28 U.S.C.A. § 2675, on or about April 8, 2021, Plaintiff, through his counsel, filed a written claim to the appropriate federal agency for the wreck that is the subject of this Complaint.

5.

Pursuant to 28 U.S.C.A. § 2675(a), it has been over six months since Plaintiff filed his claim with the appropriate federal agency, and no final disposition has been made. As such, Plaintiff has exhausted his administrative remedies as required by law.

6.

This Court has subject matter jurisdiction over the claims asserted in this Complaint

## **FACTS**

7.

On July 10, 2019, Defendant the United States of America owned a 2013 Ford Escape, which was being operated by its employee Christopher John McHugh ("Mr. McHugh") in the course and scope of his employment.

2

8.

Plaintiff was traveling on I-85 Southbound, a public highway, 0.1 miles from its intersection with GA-400NB, in Lane 4 in Atlanta, Fulton County, Georgia.

9.

At the same time, Mr. McHugh was traveling behind Plaintiff on I-85 Southbound in Lane 4, driving the Defendant's Ford Escape.

10.

As Plaintiff began to slow his vehicle for traffic, Mr. McHugh did not slow or stop his vehicle, and he violently rear-ended Plaintiff.

11.

Both vehicles sustained disabling damage and had to be towed from the scene.

12.

Plaintiff was without fault for causing the collision and at all times was in the exercise of ordinary care for his own safety.

13.

 Mr. McHugh was cited at the scene for following too closely in violation of O.C.G.A. § 40-6-49.

14.

At the time of the subject crash, Mr. McHugh was acting within the course and scope of his employment with the Defendant.

15.

The subject crash was caused by the negligence of the negligence of Mr. McHugh and Defendant.

16.

As a direct and proximate result of the negligence, Plaintiff was severely injured and suffered permanent injuries.

17.

To date, Plaintiff has incurred $124,148.57 in special damages as a result of Defendant's negligence. Those special damages are outlined below:

| Provider | Dates of Service | Expense |
|---|---|---|
| Emory University Hospital – Midtown | 7/10/19 | **$ 1,048.00** |
| Orthopaedic Clinic of Daytona Beach | 7/17/19-1/20/20 | **$ 3,456.00** |

| | | |
|---|---|---|
| Dr. Youchang Hu, AP | 8/12/19-1/17/20 | **$ 1,300.00** |
| Halifax Health | 2/13/20 – 2/14/20 | **$ 1,537.00** |
| East Central Florida Outpatient Imaging, LLC | 7/26/19-9/13/21 | **$ 2,613.00** |
| Dr. Charles Williamson | 6/04/20-1/06/21 | **$ 1,293.00** |
| ActiveFIT Rehab Physical Therapy | 6/30/20 – 9/24/20 | **$ 8,500.00** |
| Thomas Kovack, DO | 8/02/21-8/05/21 | **$ 15,329.00** |
| Polaris Surgery Center | 8/02/21 | **$ 86,601.57** |

| | | |
|---|---|---|
| New Albany Orthopedic Anesthesia | 8/02/21 | **$2,471.00** |
| | **TOTAL:** | **$ 124,148.57** |

## COUNT I – INDEPENDENT NEGLIGENCE

### 18.

Plaintiff hereby incorporates the allegations of the preceding paragraphs herein, as if restated verbatim.

### 19.

On July 10, 2019, the Defendant, by its employee, carelessly and negligently maintained, drove, and operated its said motor vehicle.

### 20.

Defendant owed Plaintiff and the general public a duty of reasonable care in the hiring, training, and supervision of its agents, employees, members, representatives, servants, or contractors.

21.

Defendant breached the aforementioned duties and was negligent in connection with hiring, qualifying, training, entrusting, supervising, and retaining Mr. McHugh as an employee.

22.

Also, Defendant negligently entrusted the subject vehicle to Mr. McHugh when Defendant knew or should have known that its driver, Mr. McHugh, was incompetent or unfit to perform the duties given to him by Defendant.

23.

As a direct and proximate result of Defendant's negligence, Plaintiff incurred the following damages and Plaintiff is entitled to recover from Defendant for the following: bodily injury, permanent injury and impairment; past and future pain and suffering; loss of enjoyment of life; past and future lost wages; and past and future medical expenses, all in an amount to be proven at trial.

## COUNT II – RESPONDEAT SUPERIOR

24.

Plaintiff hereby incorporates the allegations of the preceding paragraphs herein, as if restated verbatim.

25.

At all times material herein, Mr. McHugh was acting as the employee, agent, apparent agent, ostensible agent, or agent by estoppel of Defendant, with respect to the wreck. Defendant is liable for the negligent acts and omissions of Mr. McHugh under the theory of *respondeat superior*.

26.

Defendant is liable under the doctrine of *respondeat superior* and the rules of agency for the tortious acts and omissions of their agents, employees, members, representatives, servants, or contractors pursuant to O.C.G.A §§ 51-2-2, 51-2-5, 14-11-301 and other applicable law.   These acts and omissions include, but are not limited to, the acts and omissions committed by Mr. McHugh on July 10, 2019, which are described above and were committed within the course and scope of his agency or employment with Defendant.

27.

As a direct and proximate result of Defendant's negligence, Plaintiff incurred the following damages and Plaintiff is entitled to recover from Defendant for the following:  bodily injury, permanent injury and impairment; past and future pain and suffering; loss of enjoyment of life; past and future lost wages; and past and future medical expenses, in an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)   That Summons be issued;

(b)   That the Summons and Complaint be served upon the

Defendant named herein;

(c)   That the Court award Plaintiffs damages against Defendant in

an amount to be determined by this Court; and

(e)   That Plaintiffs be granted such other and further relief as

this Court deems just and proper.

Respectfully submitted this 17th day of November, 2021.

ANDERSEN, TATE & CARR, P.C.

/s/ Brittany M. Partridge
Render C. Freeman
Georgia Bar No. 275910
Brittany M. Partridge
Georgia Bar No. 405015
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Blvd, Suite 4000
Duluth, Georgia 30097
770.822.0900
770.822.9680 (fax)